```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

KENNETH STEWARD           :    NO. 1:07-CV-1012
                          :
    Plaintiff,           :
                          :
 v.                       :
                          :
                          :    **OPINION AND ORDER**
COMMISSIONER OF SOCIAL    :
SECURITY,                 :
                          :
    Defendant.           :

This matter is before the Court on the Magistrate Judge's February 11, 2009 Report and Recommendation (doc. 17), Defendant's Objections (doc. 18), and Plaintiff's Reply (doc. 19). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision and ADOPTS the Magistrate Judge's Report and Recommendation in all respects.

Plaintiff Kenneth Steward filed an application for disability insurance benefits on May 18, 2005 alleging a disability onset date of July 7, 2003, due to a seizure disorder, degenerative joint disease of both knees, degenerative joint disease of the lumbar spine, and mental impairments (doc. 17). After his application was denied at the state agency level, he requested a hearing de novo before an Administrative Law Judge ("ALJ") (Id.).

A hearing was held on May 23, 2007, and the ALJ denied Plaintiff's application on June 21, 2007 (Id.). The ALJ's decision became the Defendant's final determination on October 16, 2007, at

which time the Appeals Council denied review (Id.)

On December 20, 2007, Plaintiff brought this action for judicial review of Defendant's decision (doc. 3). Plaintiff alleged two errors in the ALJ's decision: (1) the ALJ erred in determining the severity of Plaintiff's mental condition; and (2) the ALJ erred in giving more weight to the non-examining physician than the treating physician concerning Plaintiff's physical impairments (doc. 17).

**I. Background**

   **A. Report and Recommendation**

In his February 11, 2009 Report and Recommendation, the Magistrate Judge reviewed the ALJ's decision to determine whether it was supported by substantial evidence (doc. 17 citing for the relevant standard 42 U.S.C. § 405(g)), indicating that the substantial evidence is considered "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (Id., citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Magistrate Judge noted, citing Felisky v. Bower, 35 F.3d 1027, 1035 (6th Cir. 1994), that if substantial evidence supports the ALJ's denial of benefits, that finding should be affirmed, despite the presence of substantial evidence to the contrary (Id.). The Magistrate Judge went on to explain that the Plaintiff bears the burden of proving that the ALJ's conclusion lacks substantial

evidence (Id. citing C.F.R. § 404.1512(a)).

The Magistrate Judge then considered Plaintiff's first contention that the ALJ erred in determining the severity of Plaintiff's mental condition (doc. 17). The Magistrate Judge indicated, in deciding Plaintiff's mental impairment was "mild," the ALJ erroneously relied upon a report performed by Dale Seifert M.S. Ed. (Id.). Mr. Seifert's report, based solely off of a clinical interview with Plaintiff, concluded that Plaintiff's mental disability "is mild and does not significantly limit the claimant's... ability to do work activities" (Id.). The ALJ relied upon Mr. Seifert's report to the exclusion of another, more complete examination and report performed by Dr. Heideman, Psy.D. (Id.). Dr. Heideman's report was the product of reviewed records, a clinical interview, and a battery of tests (Id.) Dr. Heideman's report concluded Plaintiff had a variety of mental impairments which resulted in his not being "reliable and retainable on most jobs at present" (Id.).

The Magistrate Judge noted that although the findings of Mr. Seifert and Dr. Heideman contained inconsistencies, Dr. Heideman's report was supported by more test results and was, in general, more consistent with the record as a whole (Id. citing 20 C.F.R. § 404.1527(d)(3),(4)).

Furthermore, the Magistrate Judge citing Blankenship v.

Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989), noted that Plaintiff could not be penalized for his failure to seek psychiatric treatment for his mental condition (Id.). Accordingly, the Magistrate Judge held that the ALJ's finding that Plaintiff's mental impairment was not severe was not supported by substantial evidence (Id.).

The Magistrate Judge next considered Plaintiff's second contention, concerning the weight afforded to the examining physicians' report respecting Plaintiff's physical impairments (doc. 17). The ALJ concluded Plaintiff retained enough functional capacity to perform a variety of light work (Id.). In making this decision, the ALJ relied heavily on the reports of two doctors who concluded that despite a diminished capacity of physical functioning, Plaintiff retained the ability to perform duties necessary for employment, and therefore was nondisabled (Id.).

However, the Magistrate Judge noted the medical evidence used by the ALJ to support these findings came primarily from two physicians, Drs. Cruz and McCloud, who performed only a review of Plaintiff's records and no physical examination (Id.). These reports were contradictory to the reports of several other physicians, all of whom conducted physical examinations on Plaintiff (Id.). One of these physical exams, performed by Dr. Omoruyi for Clinton County Job and Family Services ("JFS"),

concluded Plaintiff to be disabled (Id). Additional VA examinations, performed by Mr. Felkey and Dr. Armacost, also concluded Plaintiff was disabled (Id.).

The Magistrate Judge found the ALJ's findings to be in error for several reasons. First, the Magistrate Judge indicated that the ALJ's failure to place controlling weight on the examining physicians' report was in error (Id.). Citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 690 (6th Cir. 2007), the Magistrate Judge concluded that the reports of Dr. Omoruyi, an examining physician, should be given more weight than non-examining physicians, Drs. Cruz and McCloud, pursuant to 20 C.F.R. § 404.1527(d)(1))(Id.).

Furthermore, the Magistrate Judge found that additional statutory provisions require that greater weight be placed on the examining physicians. For example, 20 C.F.R. § 404.1527(d)(3)indicates that more weight should be given to Drs. Armacost and Omoruyi because those reports are supported with examinations and tests, while Drs. Cruz and McCloud only reviewed records and did not have access to the August 2006 VA examinations (Id.). Also, the Magistrate Judge noted Dr. Armacost's opinions are most consistent with the record as a whole (Id. citing 20 C.F.R. § 404.1527(d)(4)). Finally, the reports prepared by Drs. Cruz and McCloud, specialists in pediatrics and orthopaedics respectively, were given greater emphasis than Dr. Armacrost's

-5-

report, a family medicine and E.R. physician (Id.). Noting that Dr. Armacost was a specialized physician in Plaintiff's condition, the Magistrate Judge found that more weight should be afforded to Dr. Armacost's report (Id. citing 20 C.F.R. § 404.1527(d)(5)).

Finally, the Magistrate Judge noted that the portions of the VA examinations cited by the ALJ were selective and did not accurately reflect the record as a whole (Id.).

The Magistrate Judge concluded by finding the ALJ's determinations concerning Plaintiff's mental and physical disabilities were not supported by substantial evidence and thus recommended they be reversed (Id.). In keeping with governing law, the Magistrate Judge found that a remand would only result in unneeded reexamination of the same facts, and was unwarranted (Id. citing 42 U.S.C. 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 100 (1991)). The Magistrate Judge recommended that benefits should be awarded and the case should be closed. (Id.).

**B. Defendant's Objections and Plaintiff's Reply**

Defendant filed a timely objection to the Report and Recommendation, arguing that the Magistrate Judge misinterpreted Dr. Heideman's assessment, erred in affording controlling weight to the non-examining physicians' reports, and finally, as a result, the Magistrate Judge's recommendation of benefits was in error (doc. 18). Defendant first contests the Magistrate Judge's

interpretation of Dr. Heideman's assessment (Id.). Particularly, Defendant alleges that Dr. Heideman did not explicitly find Plaintiff was unable to work (Id.). Rather, Defendant argues that the assessment simply concluded that Plaintiff had certain difficulties including poor communication skills, noticeable difficulties relating to and getting along with others, and difficulties understanding, remembering, and following instructions (Id.). Defendant argues that if the Court were to adopt the Magistrate Judge's interpretation of Dr. Heideman's report, the most appropriate action would be a remand, rather an award of benefits because Plaintiff bears the burden of proof to show he is unable to work (Id.).

Defendant's second argument challenges the Magistrate Judge's assertion that the examining physicians reports should be given controlling weight (Id.). Defendant argues that nowhere does governing law specifically require "controlling weight" be given to examining physicians (Id. citing C.F.R. § 404.1527)(d)(2)). Defendant does not indicate what would be the appropriate weight afforded to these reports (Id.).

Finally, Defendant alleges the Magistrate Judge erred in awarding full benefits in light of the vocational expert's testimony that Plaintiff was able to perform a significant number of additional jobs (Id.). Defendant argues that, despite

-7-

Plaintiff's inability to perform a job similar to his past relevant work, his disability does not render him unable to perform all work and therefore, an award for full benefits is not warranted (Id.). Defendant argues the Magistrate Judge impermissibly weighed the evidence in awarding full benefits, therefore the most appropriate order would be a remand for further consideration of the evidence (Id.).

Plaintiff submitted a reply brief in addressing Defendant's Objection (doc. 19). First, Plaintiff responds to Defendant's assertion that the Magistrate Judge misapplied Dr. Heideman's report of Plaintiff's mental impairments (Id.). Plaintiff contends Dr. Heideman's report stating Plaintiff suffers from pervasive difficulties in communication, concentration, attitude, and processing and following instructions could only reasonably be read to mean that Plaintiff was incapable of holding regular employment (Id.). Plaintiff contends this conclusion is supported by Dr. Heideman's qualitative judgment that Plaintiff is not reliable and retainable at most jobs (Id.).

Furthermore, Plaintiff argues Defendant's objection fails to challenge the substance of the Magistrate Judge's report on physical impairments of Plaintiff and instead focuses on the simple "nomenclature" of the term "controlling weight" (Id.). Plaintiff does not contest this, but emphasizes that if the reports of the

examining physicians were not given controlling weight, they should certainly have been granted the greatest weight. Therefore, Plaintiff concludes the examining physicians should still control the outcome of decisions under the governing law (Id.).

Accordingly, Plaintiff asserts that Defendant's failure to effectively challenge the Magistrate Judge's ruling should result in the Report and Recommendation being affirmed (Id.). Plaintiff emphasizes that the holding with respect to Plaintiff's mental impairments was in accordance with the law and the holding with respect to the physical impairments was substantively unchallenged by Defendant (Id.). In conclusion, Plaintiff emphasizes the many reports attesting to Plaintiff's disability which support an affirmation and reiterate that a remand would serve no purpose other than delay (Id.).

**II. Standard of Review**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any

portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. It continues by stating "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Because timely objections have been filed in this case, this Court will review the Magistrate Judge's Report and Recommendation de novo. It is important to note that the standard of review for a Magistrate Judge's report and recommendation is distinct from the standard of review for the ALJ's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether

there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. Smith v. Halter, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts." Id. (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

**III. Discussion**

After a thorough review of the record, the Court does not find Defendant's objections to be well-founded. First, the Court agrees with the Magistrate Judge that Dr. Heideman's report concluded Plaintiff was unable to work. While Dr. Heideman may not have drawn this conclusion in those exact terms, his findings indicate that Plaintiff's mental impairments are pervasive and effectively prevent him from retaining employment. Dr. Heideman's report also included a statement that Plaintiff "is not considered to be reliable and retainable on most jobs at present." This statement highlights that Dr. Heideman, though not explicitly articulating Plaintiff's inability to work, effectively concluded that Plaintiff's mental impairments preclude him from holding employment.

Second, Defendant alleges that the Magistrate Judge was in error by assigning controlling weight to the examining VA physicians' reports. The pertinent provision states that "[g]enerally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you" 20 C.F.R. § 404.1527(d)(1). As Defendant notes, the provision indicates that the reports of examining physicians should be given "more weight" rather than "controlling weight".

However, this difference in terminology is immaterial here and the result is ultimately the same. Though the Magistrate Judge

indicated that this weight be "controlling," the Magistrate Judge did not err in relying on the evaluations of the doctors who actually met with Plaintiff, as to opposed those who simply reviewed Plaintiff's medical records. Regardless of the term used, the examining physicians report should be weighted greater than the non-examining physicians reports.

There are further provisions, as the Magistrate Judge noted, which supply additional reasons for giving more weight to Dr. Armacost's and the examining physicians' reports . As 20 C.F.R. § 404.1527(d)(3) indicates, "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." The examining physicians' reports, Dr. Armacost's in particular, were supported by examinations and tests, as compared to the simple review of the record prepared by Drs. Cruz and McCloud. Another provision, 20 C.F.R. § 404.1527(d)(4), indicates that "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." As the Magistrate Judge noted, Dr. Armacost's opinions are more consistent with the record as a whole and accurately reflect Plaintiff's medical history. Finally, provision 20 C.F.R. § 404.1527(d)(4) notes that "[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her

-13-

area of specialty than to the opinion of a source who is not a specialist." Dr. Armacost is a family and E.R. physician, as opposed to Dr. Cruz, a pediatrician, and Dr. McCloud, an orthopaedist.

In light of the numerous reasons for giving weight to the VA examinations, the Court concludes the Magistrate Judge did not err in relying on the examining physician's reports despite the absence of a provision which calls for controlling weight.

Defendant's final objection concerns the order for benefits rather than an order for remand. However, the Court has the authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing" 42 U.S.C. 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 100 (1991).

As the Court of Appeals in Faucher v. Sec'y of Health & Human Serv, 17 F.3d 171, 176 (6th Cir 1994), held, the Court can reverse and award benefits, but "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Furthermore, the Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, and a remand would only involve presentation of cumulative evidence, or where the proof of disability is overwhelming. Id.

The Court agrees with the Magistrate Judge that evidence of

-14-

Plaintiff's mental and physical impairments is overwhelming. The record contains evidence of disabling conditions, especially the credible reports prepared by Drs. Omoruyi and Armacost. Likewise the reports prepared by Plaintiff's examining physicians clearly indicate that Plaintiff was more limited than the ALJ found. Finally, an order for remand would only result in the presentation of cumulative evidence.

**IV. Conclusion**

Accordingly, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes the Magistrate Judge's findings, as outlined in his Report and Recommendation, are correct. Therefore, the Court hereby OVERRULES Defendant's Objections (doc. 18) ADOPTS the Report and Recommendation in its entirety (doc. 12), REVERSES the decision of the ALJ finding Plaintiff non-disabled, and REMANDS to the ALJ for an immediate award of benefits.

SO ORDERED.

Date: June 3, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge