UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH W. STEWARD, | : | |
| | : | NO. 1:07-CV-1012 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Counsel's Motion for Approval of Title II Attorney Fees for Services Performed in this Court on Social Security Disability Appeal (doc. 25). The Commissioner has filed no response. For the reasons indicated herein, the Court GRANTS the Motion in part.

**I. BACKGROUND**

Plaintiff's counsel, Mark R. Naegel, successfully represented Plaintiff in his appeal of the Administrative Law Judge's denial of Plaintiff's application for disability benefits (doc. 20). In December of 2007, Plaintiff and Mr. Naegel entered into a contingency fee agreement pursuant to which Plaintiff agreed to pay to Mr. Naegel twenty-five percent of all past due benefits payable to him and his family resulting from the claim for which Mr. Naegel was retained (doc. 25). Reflecting an entitlement beginning date of May 2004 and calculating benefits through May 2009, Plaintiff's award resulting from Mr. Naegel's representation was $47,697; Plaintiff's children received $13,237, $13,237 and

$7126, respectively, for a total award to Plaintiff's children of $33,600 (Id.). Through the instant motion, Mr. Naegel seeks payment of $20,324.25, or twenty-five percent of $81,297, the aggregate amount received by Plaintiff and his children through the relevant time period (Id.).

In September 2009, Mr. Naegel petitioned this Court for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 22). He requested and received an award of fees and costs in the amount of $6,945.06, representing 40.75 hours of work at an adjusted average rate of $170.43 per hour (doc. 23). In support of his current motion, Mr. Naegel submitted the affidavit he submitted to support his EAJA payment request, detailing the hours worked on Plaintiff's case (doc. 25), and, in April 2010, Mr. Naegel filed an affidavit from Plaintiff expressing support for the instant motion (doc. 27). In Mr. Naegel's affidavit, he states that he understands that any EAJA monies received are to be credited or refunded to Plaintiff if Mr. Naegel receives an award of fees pursuant to this motion (doc. 25). In Plaintiff's affidavit, however, Plaintiff notes that some "additional litigation [was] necessary to establish that payment of EAJA fees was to be made in addition to payment of the Title II Attorney fees of $20,324.25 to Mr. Naegel..." (doc. 27). In its Order granting an EAJA award in this matter, the Court explicitly stated that the EAJA award was granted with the proviso that it be

credited toward the contingency fee and that, "under no circumstances may Plaintiff's attorney collect from Plaintiff duplicative fees from different sources" (doc. 23).

**II. Standard and Discussion**

Pursuant to 42 U.S.C. §406(b), "Whenever a court renders a judgment favorable to a claimant under [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits...." Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). However, the Court must still review the arrangement "as an independent check, to assure that [it] yield[s] reasonable results" in this case. Id. Where, as here, the contingency fee falls within the twenty-five percent boundary set forth in section 406(b), the Court may nonetheless find the requested fee unreasonable "based on the character of the representation and the results...achieved." Id. at 808. A court may permissibly reduce the agreed-upon fee if, for example, the attorney is responsible for delaying resolution of the case or if the benefits received are large compared to the amount of time counsel spent on the case. Id., noting cases with approval. These are not exhaustive examples, however, and, at

base, the task of this Court is to ensure that the contingency agreement reached between Plaintiff and his counsel is reasonable under the circumstances present here. But see Hayes v. Secretary of Health and Human Services, 923 F.2d 418, 420 (6th Cir, 1990)(decided pre-Gisbrecht, stating that "deductions for large fees are permissible under only two circumstances...those occasioned by improper or ineffectiveness of counsel; and...situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort" and presuming reasonableness where neither of these is present).

Here, Mr. Naegel requests twenty-five percent of the benefits received by Plaintiff and his children (doc. 25). Clearly, that request falls within the twenty-five percent boundary set by section 406(b), so it is not per se unreasonable. However, neither is it per se reasonable. Rodriguez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). The burden to prove the reasonableness of the fee requested falls on Mr. Naegel. Gisbrecht, 535 U.S. at 807. In support of his application for fees, Mr. Naegel pointed the Court to Gisbrecht and Rodriguez and submitted the aforementioned affidavits (doc. 25). Other than the statement that his normal hourly fee is $200 and an accounting of the time he spent on the case, Mr. Naegel did not offer any facts or legal argument regarding the reasonableness of his fee beyond the mere citations

4

to Gisbrecht and Rodriguez (Id.).

Mr. Naegel avers that he spent 40.75 hours on Plaintiff's case (doc. 25). If he receives his requested fee, he would receive an hourly compensation of $498.75, more than twice his normal hourly rate. In Hayes, the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. Mr. Naegel's request is greater than twice his standard rate. Therefore, the Court may, in order to determine whether his request is reasonable, ascertain whether Mr. Naegel would "'enjoy a windfall because of...minimal effort expended.'" Id., quoting Rodriquez, 865 F.2d at 746. See also Gisbrecht, 535 U.S. at 808 (to determine whether requested fee would be a windfall to attorney, court may use a record of hours spent representing client and a statement of attorney's normal hourly rate to aid in court's reasonableness assessment).

Having reviewed the documents filed in this case in light of Gisbrecht and its progeny, as well as Hayes and Rodriquez, the Court concludes that Mr. Naegel has not met his burden of showing the reasonableness of the fees requested. See 42 U.S.C. §406(b); Gisbrecht, 535 U.S. at 807. Mr. Naegel did achieve a favorable result for Plaintiff, and compensation above his normal hourly rates reasonably accounts for the risks of contingent litigation.

See, e.g., Rodriguez, 865 F.2d at 746. However, the full amount requested, which includes a percentage of the amount recovered by Plaintiff's children, would be a windfall to Mr. Naegel given that no additional work was required, nor was any additional risk taken, to secure benefits for Plaintiff's children as they are derivative of Plaintiff's claim. The agreement signed by Plaintiff did indicate that Mr. Naegel would be entitled to a percentage of any benefits received by Plaintiff and his family, but under the circumstances present in this case the Court finds that agreement yields unreasonable results. See, e.g., Rodriguez, 865 F.2d at 747 (noting that the statutory maximum of twenty-five percent should only be allowed when counsel has exerted "extensive effort...to overcome legal and factual obstacles to the enhancement of the benefits awarded").

Therefore, the Court has reduced the retroactive benefit subject to the contingency agreement to the amount received by Plaintiff alone, or $47,697. The Court thus GRANTS Mr. Naegel's motion in part and AWARDS $11,924.25 to Mr. Naegel, less $6,945.06, the amount Mr. Naegel received through his EAJA application for fees, if Mr. Naegel has not already reimbursed Plaintiff that full amount.

SO ORDERED.

Dated: June 9, 2010        s/S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge

6